UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---------------------------------------------------------------x

MIGUEL AGUI, ALEXANDER REYES, and
JAMES GIPSON,

                      Plaintiffs,

        v.

T-MOBILE USA, INC., and JOHN DOES #1-10,

                      Defendants.

---------------------------------------------------------------x

Docket No: 09-cv-02955-RJD-RML

ECF CASE

**DEFENDANT T-MOBILE USA
INC.'S ANSWER TO
COMPLAINT**

Defendant T-Mobile USA, Inc. ("T-Mobile" or "Defendant") hereby answers the Complaint of Plaintiffs Miguel Agui, Alexander Reyes, and James Gibson, and asserts affirmative and other defenses, as follows:

## PARTIES

1.      T-Mobile admits that Plaintiffs purport to bring this action as a purported nationwide collective action under the Fair Labor Standards Act ("FLSA") for the relief specified in paragraph 1. Except as so admitted, T-Mobile denies the allegations of paragraph 1 of the Complaint and specifically denies that Plaintiffs are entitled to any of the relief requested or otherwise, or that this action may properly be maintained as a collective action under the FLSA.

2.      T-Mobile admits that Plaintiffs purport to bring this action on behalf of a purported class of New York employees and former employees of Defendant under Rule 23 of the Federal Rules of Civil Procedure for the relief specified in paragraph 2. Except as so admitted, T-Mobile denies the allegations of paragraph 2 of the Complaint and specifically denies that Plaintiffs are entitled to any of the relief requested or otherwise, or that this action may properly be maintained as a class action on behalf of the alleged class.

3.    T-Mobile admits that Plaintiffs purport to bring this action on behalf of a purported class of California employees and former employees of Defendant under Rule 23 of the Federal Rules of Civil Procedure for the relief specified in paragraph 3.  Except as so admitted, T-Mobile denies the allegations of paragraph 3 of the Complaint and specifically denies that Plaintiffs are entitled to any of the relief requested or otherwise, or that this action may properly be maintained as a class action on behalf of the alleged class.

## JURISDICTION AND VENUE

3 [*sic*]. T-Mobile admits that this Court has jurisdiction over actions invoking federal law in accordance with the provisions of 28 U.S.C. §§ 1331, 1334 and 1337; that 29 U.S.C. § 216(b) confers such jurisdiction over this action on this Court; and that 28 U.S.C. § 1367 provides federal courts with supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.  Except as so admitted, T-Mobile denies the allegations of paragraph 3 [*sic*] of the Complaint.

4.    T-Mobile admits that venue in this District is proper.

5.    T-Mobile admits that this Court is empowered to issue declaratory relief in appropriate cases but denies that Plaintiffs are entitled to such relief in this case.

## THE PARTIES

6.    T-Mobile is without information or knowledge sufficient to form a belief as to the truth or falsity of the allegations of paragraph 6, and on that ground denies them.

7.    T-Mobile is without information or knowledge sufficient to form a belief as to the truth or falsity of the allegations of paragraph 7, and on that ground denies them.

2

8.      T-Mobile admits that it is a wholly-owned subsidiary of T-Mobile Global Holding GmbH, which is a wholly-owned subsidiary of Deutsche Telecom AG; that T-Mobile USA, Inc. has retail stores within this District and elsewhere in the United States; and that T-Mobile USA, Inc. is authorized to do business and is doing business in New York and California.  Except as so admitted, T-Mobile denies the allegations of paragraph 8 of the Complaint.

9.      T-Mobile admits that Plaintiffs purports to include allegations against "Doe" defendants in paragraph 9, but denies that Plaintiffs are entitled to any of the relief requested or otherwise, that Defendant or anyone acting on its behalf intentionally or maliciously violated any laws, or that this action may properly be maintained as a collective and/or class action.

## COLLECTIVE ACTION ALLEGATIONS

10.     T-Mobile admits that Plaintiffs purport to bring this action as a purported collective action under the FLSA on behalf of a group of current and former T-Mobile non-exempt employees as defined in paragraph 10.  Except as so admitted, T-Mobile denies the allegations of paragraph 10 of the Complaint, notes that Plaintiffs' definition of the purported collective class renders the collective class non-ascertainable, and specifically denies that Plaintiffs are entitled to any of the relief requested or otherwise, or that this action may properly be maintained as a collective action under the FLSA.

11.     T-Mobile denies the allegations of paragraph 11 of the Complaint.

12.     T-Mobile denies the allegations of paragraph 12 of the Complaint.

13.     T-Mobile denies the allegations of paragraph 13 of the Complaint.

14.     T-Mobile denies the allegations of paragraph 14 of the Complaint.

15.     T-Mobile denies the allegations of paragraph 15 of the Complaint.

3

## CLASS ALLEGATIONS

16.    T-Mobile admits that Plaintiffs purport to bring this action on behalf of purported classes under Rule 23 of the Federal Rules of Civil Procedure.  Except as so admitted, T-Mobile denies the allegations of paragraph 16 of the Complaint and specifically denies that Plaintiffs are entitled to any of the relief requested or otherwise, or that this action may properly be maintained as a class action as to any group of current or former T-Mobile employees.

17.    T-Mobile admits that Plaintiffs purport to bring this action on behalf of a purported class of New York employees and former employees as defined in paragraph 17. Except as so admitted, T-Mobile denies the allegations of paragraph 17 of the Complaint, notes that Plaintiffs' definition of the purported New York class renders the class non-ascertainable, and specifically denies that Plaintiffs are entitled to any of the relief requested or otherwise, or that this action may properly be maintained as a class action under Rule 23 on behalf of any New York employees or former employees.

18.    T-Mobile admits that Plaintiffs purport to bring this action on behalf of a purported class of California employees and former employees as defined in paragraph 18. Except as so admitted, T-Mobile denies the allegations of paragraph 18 of the Complaint, notes that Plaintiffs' definition of the purported California class renders the class non-ascertainable, and specifically denies that Plaintiffs are entitled to any of the relief requested or otherwise, or that this action may properly be maintained as a class action under Rule 23 on behalf of any California employees or former employees..

19.    T-Mobile denies the allegations of paragraph 19 of the Complaint.

20.    T-Mobile denies the allegations of paragraph 20 of the Complaint.

4

21.     T-Mobile denies the allegations of paragraph 21 of the Complaint.

22.     T-Mobile denies the allegations of paragraph 22 of the Complaint.

23.     T-Mobile denies the allegations of paragraph 23 of the Complaint.

24.     T-Mobile denies the allegations of paragraph 24 of the Complaint.

## STATEMENT OF FACTS

25.     T-Mobile admits that it is a wholly-owned subsidiary of T-Mobile Global Holding GmbH, which is a wholly-owned subsidiary of Deutsche Telekom AG; that T-Mobile USA, Inc. is the fourth largest mobile phone company in the United States; that it currently has more than 30 million U.S. subscribers; and that it currently employs more than 30,000 employees in the United States, some of whom are employed in its retail stores.  Except as so admitted, T-Mobile denies the allegations of paragraph 25 of the Complaint.

26.     T-Mobile avers that its records indicate that Mr. Agui was employed by T-Mobile as a Retail Sales Representative from June 27, 2007 until March 7, 2009, at which time Mr. Agui's job title changed to Retail Sales Associate, which was the position he held until his employment with T-Mobile ended on March 20, 2009.  T-Mobile further avers that at the time Mr. Agui's employment ended, its records show that his pay rate was $11.85 per hour.  Except as so averred, T-Mobile denies the allegations of paragraph 26 of the Complaint.

27.     T-Mobile avers that its records indicate that Mr. Reyes was employed by T-Mobile as a Retail Sales Representative from January 24, 2008 until March 7, 2009, at which time Mr. Reyes's job title changed to Retail Sales Associate, which was the position he held until his employment with T-Mobile ended on April 10, 2009.  T-Mobile further avers that at the time Mr. Reyes's employment ended, its records show that his pay rate was $11.50 per hour.  Except

NY1 26585478.1

as so averred, T-Mobile denies the allegations of paragraph 27 of the Complaint.

28.    T-Mobile avers that its records indicate that Mr. Gipson was employed by T-Mobile as a Retail Sales Representative from October 10, 2005 until December 25, 2007, at which time Mr. Gipson's employment ended.   T-Mobile further avers that at the time Mr. Gipson's employment ended, his pay rate was $13.23 per hour.  Except as so averred, T-Mobile denies the allegations of paragraph 28 of the Complaint.

29.    T-Mobile is currently without information or knowledge sufficient to form a belief as to the truth or falsity of the allegations of paragraph 29, and on that ground denies them, except that T-Mobile admits that the named Plaintiffs were occasionally required to either open or close the stores where they worked; admits that if the named Plaintiffs participated in opening the stores, their managers likely instructed them as to the time they should arrive at the store; denies that the named Plaintiffs were typically or frequently required to arrive early and wait for a second employee before they were allowed to begin store opening procedures; and denies that the named Plaintiffs were required to perform work off-the-clock after closing their stores.  T-Mobile avers that, to the extent any of these alleged store-related activities took place at a time that Plaintiffs were not "punched in" to T-Mobile's computer-based time recording system, T-Mobile's written policies, with which Plaintiffs were obligated to comply as a condition of their employment, required Plaintiffs to report all time worked, to the minute, to their managers so that they could be paid for the time, and if Plaintiffs chose not to or for some other reason failed to do that, they committed a direct violation of the company's time-reporting policies.

30.    T-Mobile is currently without information or knowledge sufficient to form a belief as to the truth or falsity of the allegations of paragraph 30, and on that ground denies them, except that T-Mobile admits that many of its store employees had handsets such as Blackberries

or other "smart" devices; denies that the named Plaintiffs were required to participate on frequent conference calls when the store manager was unavailable; and denies that the named Plaintiffs were frequently required to participate on such conference calls outside their normal forty-hour work week off-the-clock.  T-Mobile avers that, to the extent any of these alleged store-related activities took place at a time that Plaintiffs were not "punched in" to T-Mobile's computer-based time recording system, T-Mobile's written policies, with which Plaintiffs were obligated to comply as a condition of their employment, required Plaintiffs to report all time worked, to the minute, to their managers so that they could be paid for the time, and if Plaintiffs chose not to or for some other reason failed to do that, they committed a direct violation of the company's time-reporting policies.

31.     T-Mobile denies the allegations of paragraph 31 of the Complaint, except T-Mobile admits that its retail store employees typically have two days off work per week.  T-Mobile avers that, to the extent any of these alleged store-related activities took place at a time that Plaintiffs were not "punched in" to T-Mobile's computer-based time recording system, T-Mobile's written policies, with which Plaintiffs were obligated to comply as a condition of their employment, required Plaintiffs to report all time worked, to the minute, to their managers so that they could be paid for the time, and if Plaintiffs chose not to or for some other reason failed to do that, they committed a direct violation of the company's time-reporting policies.

32.     T-Mobile denies the allegations of Paragraph 32 of the Complaint.

33.     T-Mobile is currently without information or knowledge sufficient to form a belief as to the truth or falsity of the allegations of paragraph 33, and on that ground denies them, except that T-Mobile denies that named Plaintiffs were required to perform much of the work described in paragraph 33 outside their normally scheduled work hours off-the-clock.  T-Mobile

7

avers that, to the extent any of these alleged store-related activities took place at a time that Plaintiffs were not "punched in" to T-Mobile's computer-based time recording system, T-Mobile's written policies, with which Plaintiffs were obligated to comply as a condition of their employment, required Plaintiffs to report all time worked, to the minute, to their managers so that they could be paid for the time, and if Plaintiffs chose not to or for some other reason failed to do that, they committed a direct violation of the company's time-reporting policies.

34.     T-Mobile is currently without information or knowledge sufficient to form a belief as to the truth or falsity of the allegations of paragraph 34, and on that ground denies them, except that T-Mobile admits that store employees may have been called upon to speak with store customers by telephone; and denies that the named Plaintiffs typically received telephone calls from customers throughout the week or when they were not at work and punched into the timekeeping system.   T-Mobile avers that, to the extent any of these alleged store-related activities took place at a time that Plaintiffs were not "punched in" to T-Mobile's computer-based time recording system, T-Mobile's written policies, with which Plaintiffs were obligated to comply as a condition of their employment, required Plaintiffs to report all time worked, to the minute, to their managers so that they could be paid for the time, and if Plaintiffs chose not to or for some other reason failed to do that, they committed a direct violation of the company's time-reporting policies.

35.     T-Mobile admits that it launched the "T-Mobile At Home" product in or about March 2007.  Except as so admitted, T-Mobile is currently without information or knowledge sufficient to form a belief as to the truth or falsity of the allegations of paragraph 35, and on that ground denies them.

36.     T-Mobile denies the allegations of paragraph 36 of the Complaint.

8

37.     T-Mobile denies the allegations of paragraph 37 of the Complaint.

38.     T-Mobile admits that Plaintiffs purport to bring their FLSA claims as a collective action on behalf of the group of employees and former employees defined in paragraph 38. Except as so admitted, T-Mobile denies the allegations of paragraph 38 of the Complaint and specifically denies that Plaintiffs are entitled to any of the relief requested or otherwise, or that this action may properly be maintained as a collective and/or class action.

39.     T-Mobile denies the allegations of paragraph 39 of the Complaint.

40.     T-Mobile denies the allegations of paragraph 40 of the Complaint.

41.     T-Mobile denies the allegations of paragraph 41 of the Complaint.

42.     T-Mobile denies the allegations of paragraph 42 of the Complaint.

43.     T-Mobile denies the allegations of paragraph 43 of the Complaint.

44.     T-Mobile denies the allegations of paragraph 44 of the Complaint.

45.     T-Mobile denies the allegations of paragraph 45 of the Complaint.

46.     T-Mobile denies the allegations of paragraph 46 of the Complaint.

47.     T-Mobile denies the allegations of paragraph 47 of the Complaint.

48.     T-Mobile denies the allegations of paragraph 48 of the Complaint.

49.     T-Mobile denies the allegations of paragraph 49 of the Complaint.

## FIRST CAUSE OF ACTION

50.     T-Mobile incorporates by reference its responses to paragraphs 1 through 49 of the Complaint as if set forth in full.

NY1 26585478.1

51.     T-Mobile denies the allegations of paragraph 51 of the Complaint.

52.     T-Mobile admits that it is an employer within the meaning of that term in the FLSA.   Except as so admitted, Defendant denies the allegations of paragraph 52 of the Complaint.

53.     T-Mobile admits that during 2008, its annual gross revenues exceeded $500,000. Except as so admitted, Defendant denies the allegations of paragraph 53 of the Complaint.

54.     T-Mobile admits that the Complaint purports to attach certain documents.   Except as so admitted, T-Mobile is without information or knowledge sufficient to form a belief as to the truth or falsity of the allegations of paragraph 54, and on that ground denies them.

55.     T-Mobile denies the allegations of paragraph 55 of the Complaint.

56.     T-Mobile denies the allegations of paragraph 56 of the Complaint.

57.     T-Mobile denies the allegations of paragraph 57 of the Complaint.

58.     T-Mobile denies the allegations of paragraph 58 of the Complaint.

## SECOND CAUSE OF ACTION

59.     T-Mobile incorporates by reference its responses to paragraphs 1 through 58 of the Complaint as if set forth in full.

60.     T-Mobile admits that Miguel Agui and Alexander Reyes were at one time employed by T-Mobile in the State of New York.   Except as so admitted, T-Mobile denies the allegations of paragraph 60 of the Complaint.

61.     T-Mobile denies the allegations of paragraph 61 of the Complaint.

62.     T-Mobile denies the allegations of paragraph 62 of the Complaint.

NY1 26585478.1

63.     T-Mobile denies the allegations of paragraph 63 of the Complaint.

## THIRD CAUSE OF ACTION

64.     T-Mobile incorporates by reference its responses to paragraphs 1 through 63 of the Complaint as if set forth in full.

65.     T-Mobile admits that James Gipson was at one time employed by T-Mobile in the State of California.  Except as so admitted, T-Mobile denies the allegations of paragraph 65 of the Complaint.

66.     T-Mobile denies that California Wage Order No. 4 applies to this case.  T-Mobile also denies all remaining allegations of paragraph 66 of the Complaint.

67.     To the extent the allegations of paragraph 67 of the Complaint purport to recite what California law provides, the law speaks for itself and no response by T-Mobile is required. T-Mobile denies the remaining allegations, if any, of paragraph 67 of the Complaint.

68.     T-Mobile denies the allegations of paragraph 68 of the Complaint.

69.     T-Mobile denies the allegations of paragraph 69 of the Complaint.

70.     T-Mobile denies the allegations of paragraph 70 of the Complaint.

## FOURTH CAUSE OF ACTION

71.     T-Mobile incorporates by reference its responses to paragraphs 1 through 70 of the Complaint as if set forth in full.

72.     T-Mobile denies the allegations of paragraph 72 of the Complaint.

73.     T-Mobile denies the allegations of paragraph 73 of the Complaint.

74.     T-Mobile denies the allegations of paragraph 74 of the Complaint.

NY1 26585478.1

**FIFTH CAUSE OF ACTION**

75.     T-Mobile incorporates by reference its responses to paragraphs 1 through 74 of the Complaint as if set forth in full.

76.     T-Mobile denies the allegations of paragraph 76 of the Complaint.

77.     T-Mobile denies the allegations of paragraph 77 of the Complaint.

78.     T-Mobile denies the allegations of paragraph 78 of the Complaint.

**SIXTH CAUSE OF ACTION**

79.     T-Mobile incorporates by reference its responses to paragraphs 1 through 78 of the Complaint as if set forth in full.

80.     To the extent the allegations of paragraph 80 of the Complaint purport to recite what California Labor Code §§ 201, 202 and 203 provide, the statutes speak for themselves and no response by T-Mobile is required.  T-Mobile denies the remaining allegations, if any, of paragraph 80 of the Complaint.

81.     T-Mobile denies the allegations of paragraph 81 of the Complaint.

82.     T-Mobile denies the allegations of paragraph 82 of the Complaint.

83.     T-Mobile denies the allegations of paragraph 83 of the Complaint.

**PRAYER FOR RELIEF**

T-Mobile denies that Plaintiffs are entitled to any of the relief requested in their Request for Relief or to any relief whatsoever.

NY1 26585478.1

## AFFIRMATIVE AND OTHER DEFENSES

T-Mobile asserts the following affirmative and other defenses without assuming any burden of production or persuasion that it would not otherwise bear.

### FIRST DEFENSE

Neither Plaintiffs' Complaint nor any of its individual causes of action states a claim upon which relief may be granted.

### SECOND DEFENSE

To the extent that Plaintiffs' claims and/or the claims of the class and/or collective action members they purport to represent are barred in whole or in part by the applicable statutes of limitations, T-Mobile asserts that defense.

### THIRD DEFENSE

Plaintiffs' claim that they should be entitled to represent a collective nationwide class under the FLSA of non-exempt T-Mobile retail store employees with respect to denial of overtime pay or pay for all time worked is barred in its entirety under the doctrine of collateral estoppel by the determination and judgment entered by the United States District Court, Central District of California, in the case of *Mentha Smith, et al., v. T-Mobile USA, Inc*., Case No. 05-5274, in which the Court held that a nationwide collective action under the FLSA was not appropriate for this same group of non-exempt T-Mobile retail store employees and with respect to the same types of claims that are asserted by Plaintiffs in their Complaint.  For the foregoing reason, the FLSA claims in this action may proceed only as individual claims of the three named Plaintiffs.

NY1 26585478.1

**FOURTH DEFENSE**

To the extent Plaintiffs purport to represent the position of senior retail sales associates who are working or who at one time worked in the state of Texas, the claims alleged in Plaintiffs' Complaint are barred under the doctrine of collateral estoppel by the determination and judgment entered by the United States District Court, Southern District of Texas, Houston Division, in the case of *Christopher Simmons, et al., v. T-Mobile, USA, Inc.*, Case No. H-06-01820, in which the Court held that a statewide collective action under the FLSA was not appropriate for the group of non-exempt T-Mobile senior retail sales representatives and with respect to the same types of claims that are asserted by Plaintiffs in their Complaint.  For the foregoing reason, the FLSA claims in this action may proceed only as individual claims of the three named Plaintiffs.

**FIFTH DEFENSE**

To the extent that Plaintiffs, or any of the class or collective action members they purport to represent, have entered into waivers or releases of claims they purport to assert in this action, those claims are barred by those waivers or releases.

**SIXTH DEFENSE**

Plaintiffs' claims and/or the claims of the purported class and/or collective action members are barred in whole or in part because any injury to Plaintiffs and/or the purported class and/or collective action members was a result of the conduct or omissions of Plaintiffs or of the purported class and/or collective action members or others, and were not the result of any act or omission on the part of T-Mobile.

NY1 26585478.1

**SEVENTH DEFENSE**

Plaintiffs' claims for damages are barred, in whole or in part, to the extent that Plaintiffs and/or the purported class and/or collective action members failed or refused to make reasonable efforts to mitigate, minimize, or avoid their alleged damages.

**EIGHTH DEFENSE**

Plaintiffs' claims and/or the claims of the alleged class and/or collective action members are barred in whole or in part because Plaintiffs' and/or the purported class and/or collective action members' alleged damages, if any, are too speculative or remote and/or are impossible to establish with reasonable certainty.

**NINTH DEFENSE**

Plaintiffs' claims and/or the claims of the purported class and/or collective action members, if any, are barred because at all times T-Mobile's conduct and actions were undertaken in good faith and with reasonable grounds for believing that its conduct and actions did not violate any law, and in engaging in the conduct and taking the actions it took, T-Mobile at all times believed in good faith that it was exercising its legal rights.

**TENTH DEFENSE**

The claims asserted by Plaintiffs either individually or on behalf of the purported class and/or collective action members are barred in whole or in part because Plaintiffs lack standing to assert them.

**ELEVENTH DEFENSE**

To the extent that Plaintiffs' Third, Fourth, Fifth and Sixth Causes of Action duplicate the claims asserted in a previously-filed action pending in state court in California, those claims

15

should be stayed or dismissed under the "abstention" doctrine enunciated in *Colorado River Water Conservation Dist. v. United* States, 424 U.S. 800 (1976).

**TWELFTH DEFENSE**

To the extent that Plaintiffs' claims and/or damages, and/or the claims and/or damages of any purported class or collective action member, are barred by Plaintiffs' or the alleged class or collective action members' failure to exhaust their internal and/or administrative remedies, including, without limitation, the administrative remedies available under the California Labor Code for the assertion of claims such as those alleged in the Complaint, T-Mobile asserts that defense.

**THIRTEENTH DEFENSE**

Neither the Complaint nor any of its causes of action states a claim upon which an award of attorneys' fees may be assessed against T-Mobile.

**FOURTEENTH DEFENSE**

Neither the Complaint nor any of its causes of action states a claim upon which an award of "waiting time" or other penalties may be assessed against T-Mobile.

**FIFTEENTH DEFENSE**

Plaintiffs' claims are not maintainable as a collective and/or class action since there is no community of interest or similarity between Plaintiffs (or any of them) and any member of the purported class or collective action; because Plaintiffs and the persons they purport to represent are not "similarly situated" with the respect to the claims alleged, rendering this case unsuitable for collective action treatment; because individual issues and facts substantially predominate over common issues and facts, if any, rendering this case unsuitable for class action treatment;

16

because no ascertainable class exists; because a collective and/or class action is not a superior method for adjudicating the disputes Plaintiffs allege; and because Plaintiffs, considered either individually or together, are neither adequate, suitable nor appropriate class representatives for the classes they purport to represent.

## SIXTEENTH DEFENSE

T-Mobile fully performed all obligations, if any, owed to Plaintiffs and/or the class and/or collective action members they purport to represent, and any failure of T-Mobile to perform was excused by Plaintiffs' and/or the purported class and/or collective action members' breach, failure to perform or own conduct.

## SEVENTEENTH DEFENSE

T-Mobile reserves the right to present evidence, if such evidence exists, demonstrating that any Plaintiff and/or purported class and/or collective action member engaged in misconduct of such severity that the Plaintiff's and/or the purported class or collective action member's employment would have been terminated if T-Mobile had known of the misconduct at the time it took place, thereby barring any claim for damages and/or other relief on behalf of that Plaintiff or purported class and/or collective action member after that date.

## EIGHTEENTH DEFENSE

Plaintiffs fail to state a claim supporting an award of penalties under the California Labor Code because there exists a good faith dispute regarding wage payments.

## NINETEENTH DEFENSE

The acts and omissions complained of were in good faith, in conformity with and in reliance on any applicable written administrative regulation, order, ruling, approval or

interpretation of the Administrator of the Wage and Hour Division of the U.S. Department of Labor or any applicable administrative practice or enforcement policy of any such agency with respect to the class of employers to which T-Mobile belonged.

## TWENTIETH DEFENSE

Plaintiffs are not entitled to liquidated damages under the FLSA because T-Mobile acted in good faith and had reasonable grounds for believing that its acts or omissions were not in violation of the FLSA.

## TWENTY-FIRST DEFENSE

To the extent that any unnamed class members have not filed written consents with the Court, those unnamed class members' claims shall not be considered to have "commenced" under 29 U.S.C. §§ 216(b), 255, 256 and 257.

## TWENTY-SECOND DEFENSE

This action is barred, in whole or in part, by the Due Process Clauses of the United States and California Constitutions in that it seeks restitutionary or other monetary relief on behalf of absent parties.

## TWENTY-THIRD DEFENSE

To the extent Plaintiffs' Complaint asserts an alleged entitlement to an award of punitive damages, T-Mobile alleges that the standards for such an award are unconstitutionally vague under both the federal and state constitutions, in that there are no adequate standards or guides (1) for determining the type of conduct on which an award of punitive damages may be based; (2) for guiding the trier of fact in deciding whether to award punitive damages; or (3) for fixing

NY1 26585478.1

or determining the amount of any punitive damages to be awarded.   Moreover, there are inadequate procedural safeguards under state law for awarding punitive damages in that to the extent punitive damages are imposed as a punishment, none of the procedural protections required by due process for punitive proceedings, such as unanimity of verdict or proof beyond a reasonable doubt, are provided.   Finally, excessive punitive damages violate the Due Process clauses of the United States and California Constitutions.

### TWENTY-FOURTH DEFENSE

Plaintiffs have failed to state facts sufficient to sustain an award of punitive or exemplary damages against T-Mobile.

### TWENTY-FIFTH DEFENSE

Plaintiffs have not stated a claim upon which injunctive relief may be granted.

### TWENTY-SIXTH DEFENSE

Pursuant to 28 U.S.C. § 1404, venue may lie more appropriately in another United States District Court.

### TWENTY-SEVENTH DEFENSE

To the extent that T-Mobile is held liable for any unpaid overtime, such amounts should be calculated on a half-time basis pursuant to 29 C.F.R. § 778.114.

### TWENTY-EIGHTH DEFENSE

If, in fact, T-Mobile has failed to pay any nonexempt employee for work in excess of 40 hours in a workweek, the uncompensated time is *de minimis*.

NY1 26585478.1

### TWENTY-NINTH DEFENSE

Even if T-Mobile has in fact failed to pay individuals for any of the activities alleged in the Complaint, such activities do not constitute compensable work under the FLSA, New York law and/or California law, as such activities were not an integral and indispensable part of Plaintiffs' principal activities of employment.

### THIRTIETH DEFENSE

Some or all of Plaintiffs' claims for relief under New York law fail because New York law does not provide for mandatory overtime.

### THIRTY-FIRST DEFENSE

Some or all of Plaintiffs' claims for class action relief under New York law fail because New York law prohibits class causes of action for relief that include invocation of penalties against a defendant.

NY1 26585478.1

WHEREFORE, having fully answered, T-Mobile prays for judgment as follows:

1.      That the Complaint be dismissed in its entirety with prejudice;

2.      That Plaintiffs take nothing by their Complaint;

3.      That judgment be entered in favor of T-Mobile;

4.      For costs of suit, including reasonable attorneys' fees; and

5.      For such other and further relief as the Court deems proper.

Dated: New York, NY                    Respectfully submitted,
        September 8, 2009
                                        SEYFARTH SHAW LLP

                                        By:     s/ Robert S. Whitman
                                                Robert S. Whitman

                                        620 Eighth Avenue
                                        New York, NY  10018
                                        Phone: (212) 218-5500
                                        Fax:    (212) 218-5526
                                        rwhitman@seyfarth.com

                                        Attorneys for T-Mobile USA, Inc.

NY1 26585478.1